AO 451 (Rev.12/93)   Certification of Judgment

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ NEW JERSEY _____

Days Inns Worldwide, Inc., a Delaware Corporation

V.

Ramji Corporation, an Iowa Corporation; Ajay Patel, an individual; Nileema Patel, an individual; Digvijay Patel, an individual; Bharti Patel, an Individual; and Nanjebhai Patel, an individual

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

Case Number: 05-3942(JCL)

*RECEIVED MAR 19 2008 MICHAEL W. DOBBINS CLERK U.S. DISTRICT COURT*

I, _____ William T. Walsh _____ Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action _____ 9/15/2006 _____, as it
                                                                                                              Date
appears in the records of this court, and that

no notice of appeal from this judgment has been filed, and no motion of any kind in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

12/6/06
_____
Date

WILLIAM T. WALSH
Clerk
_____
(By) Deputy Clerk

08CV1650
JUDGE HOLDERMAN
MAGISTRATE JUDGE SCHENKIER

---

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)



PITNEY HARDIN LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

Attorneys For Plaintiff
Days Inns Worldwide, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAMJI CORPORATION, an Iowa Corporation; AJAY PATEL, an individual; NILEEMA PATEL, an individual; DIGVIJAY PATEL, an individual; BHARTI UPADHYAY, an individual; and NANJEBHAI PATEL, an individual,<br><br>Defendants. | HON. JOHN C. LIFLAND, U.S.D.J.<br>Civil Action No. 05-3942 (JCL)<br><br><br>**FINAL JUDGMENT** |

This matter having been opened to the Court by way of motion of plaintiff Days Inns Worldwide, Inc. ("DIW"), by its attorneys, Pitney Hardin LLP (David S. Sager, Esq. and Dennis R. LaFiura, Esq. appearing), on notice to defendants Ramji Corporation ("Ramji"), Ajay Patel, Nileema Patel, Digvijay Patel,

1448103A03091106

and Bharti Upadhyay (collectively, "Defendants"), seeking the entry of final judgment by default against Defendants; and

**IT APPEARING** that the Complaint in this matter was filed on August 9, 2005 seeking damages as a result of the breach and premature termination of a License Agreement between DIW and Ramji, and as a result of a breach of a personal guaranty executed by Ajay R. Patel, Nileema Patel, Digvijay Patel, and Bharti Patel, and Nanjebhai Patel; and

**IT APPEARING FURTHER** that service of a copy of the Summons and Complaint was effectuated with respect to Ramji and Nileema Patel by personally serving her, individually and as an officer of Ramji, at 1313 Club House Drive, Chesapeake, Virginia on September 27, 2005; and

**IT APPEARING FURTHER** that service of a copy of the Summons and Complaint was effectuated with respect to Ajay R. Patel by leaving a copy of the Summons and Complaint with his wife, defendant Nileema Patel, at 1313 Club House Drive, Chesapeake, Virginia on September 27, 2005; and

**IT APPEARING FURTHER** that service of a copy of the Summons and Complaint was effectuated with respect to Bharti Upadhyay by leaving a copy of the Summons and Complaint with her

2

husband, Yogi Upadhyay, at 4N453 Kingswood Court, Wayne, Illinois on September 25, 2005; and

**IT APPEARING FURTHER** that service of a copy of the Summons and Complaint was effectuated with respect to Digvijay Patel by personally serving him at 4361 Kellee Lane, Loves Park, Illinois on October 12, 2005; and

**IT APPEARING FURTHER** that the time for Defendants to answer or otherwise respond to the Complaint expired and the Defendants failed to interpose an Answer to the Complaint; and

**IT APPEARING FURTHER** that default was duly noted by the Clerk of the Court against Defendants on December 29, 2005 for Defendants' failure to plead or otherwise defend in this action; and

**IT APPEARING FURTHER** that DIW filed a motion for default judgment against Defendants on February 16, 2006; and

**IT APPEARING FURTHER** that Ajay R. Patel, through his attorney Parag P. Patel, Esq., filed an Affidavit on April 10, 2006 in opposition to DIW's request for the entry of default judgment against Ajay R. Patel; and

**IT APPEARING FURTHER** that, on July 26, 2006, the Court filed a Memorandum and Order (1) entering partial default judgment in this matter as to defendants Ramji, Digvijay Patel, and Bharti Upadhyay; (2) dismissing the Complaint without prejudice as to defendant Nanjebhai Patel as requested by DIW because service could not be effectuated; (3) ordering that attorneys' fees and costs would be determined and awarded by the Court after DIW's counsel submitted its billing records for review; and (4) ordering that an evidentiary hearing take place to determine the liability of defendants Ajay R. Patel and Nileema Patel; and

**IT APPEARING FURTHER** that, on August 22, 2006, the Court conducted an evidentiary hearing to determine the liability of Ajay R. Patel and Nileema Patel, and that John W. Salvatore testified on behalf of DIW and Gunatitprakash Patel testified on behalf of Ajay R. Patel; and

**IT APPEARING FURTHER** that, for the reason expressed by the Court on the record on August 22, 2006, good cause exists for the entry of this Order:

IT IS on this 15th day of September, 2006,

**ORDERED** that the Complaint is dismissed without prejudice as to defendant Nanjebhai Patel; and it is further

**ORDERED** that Counts 1, 2 and 4 of the Complaint are dismissed with prejudice as to Defendants Ramji, Ajay R. Patel, Nileema Patel, Digvijay Patel, and Bharti Upadhyay; and it is further

**ORDERED** that default judgment is entered as to Counts 3, 5, 6, and 7 of the Complaint in favor of plaintiff DIW and against Defendants Ramji, Ajay R. Patel, Nileema Patel, Digvijay Patel, and Bharti Upadhyay, jointly and severally, in the amount of $414,272.37, comprised of the following:

(a)   $175,176.06 for Recurring Fees (principal plus prejudgment interest calculated through March 13, 2006, the return date of this motion);

(b)   $219,052.05 for Liquidated Damages (principal plus prejudgment interest calculated through March 13, 2006, the return date of this motion);

(c)   $20,044.26, the combined per diem interest rate on unpaid Recurring Fees and liquidated damages, calculated from March 13, 2006, the return date of this motion, to August 22, 2006, the date of the evidentiary hearing, at the rate of $123.73 per day; and it is further

**ORDERED** that attorneys' fees and costs will be determined and awarded by the Court after DIW's counsel submits

its billing records for review within 30 days of the entry of this Order; and it is further

**ORDERED** that this Order supersedes the Court's Order entered on July 26, 2006 for the findings and reasons set forth on the record on August 22, 2006.

_____
HON. JOHN C. LIFLAND, U.S.D.J.

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____
Deputy Clerk